DANIEL G. BOGDEN
United States Attorney
ROBERT A. BORK
Assistant United States Attorney
BRANDON C. JAROCH
Special Assistant United States Attorney
United States Attorney's Office
Lloyd D. George United States Courthouse
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:11-cr-253-PMP-GWF |
| Plaintiff, ) | |
| ) | |
| vs. ) | GOVERNMENT'S APPLICATION |
| ) | FOR ORDER DEEMING ATTORNEY |
| DAVID PEREZ-ALVAREZ, ) | CLIENT PRIVILEGE WAIVED |
| ) | |
| Defendant. ) | |

The United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Brandon C. Jaroch, Special Assistant United States Attorney, respectfully requests that this Court enter an order waiving the attorney-client privilege in 2:11-cr-253-PMP-GWF with regard to Paul Riddle, Assistant Federal Public Defender.

This order is sought for the following reasons:

1. On April 12, 2012, the defendant, DAVID PEREZ-ALVAREZ, filed a motion pursuant to Fed. R. Crim. P. 11(d)(2)(B) to withdraw his plea of guilty, as part of a signed plea agreement, that was conditionally accepted by the Court on January 18, 2012. Included in his motion,

the defendant also moved the Court to dismiss the indictment. On April 16, 2012, this Court ordered the Government to respond to the Motion to Withdraw Plea and Motion to Dismiss by May 31, 2012. *See* Doc. 26.

2. The defendant was indicted on July 13, 2011 for being a Deported Alien Found Unlawfully in the United States in violation of Title 8, United States Code (U.S.C.), Section 1326. The defendant was represented throughout the proceedings by the Federal Public Defenders Office, District of Nevada, from the time he was indicted until present counsel, Xavier Gonzales, Esq., was substituted in on March 30, 2012. *See* Doc. 25. Paul Riddle, AFPD, represented the defendant during the plea negotiation with the United States Attorney's Office, District of Nevada, signed the plea as defendant's counsel and was present during the defendant's change of plea hearing. *See* Doc.'s 11, 21.

3. The defendant, through counsel and in a sworn affidavit, now contends that Mr. Riddle did not advise him that he could challenge the underlying deportation and removal order as improper and, if successful, attempt to have the indictment dismissed. *Defendants's Motion to Withdraw and Dismiss*, p. 18-19, 21-22. The defendant claims that had he been properly advised, he would have elected to pursue that defense and not enter into a plea agreement. *Id.*

4. The voluntary disclosure by the defendant of privileged attorney communications constitute waiver of the privilege as to all other such communications on the same subject. *Weil v. Investment/Indicators, Research & Management,* 647 F.2d 18, 24 (9th Cir. 1981); *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client

>communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

5. The government is requesting the waiver of attorney-client privilege with respect to Mr. Riddle in an effort to determine whether he in fact did communicate these important issues with the defendant. If Mr. Riddle did advise the defendant that there was a plausible challenge to his previous removal, there would be "no newly discovered evidence, intervening circumstances, or [any] other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Davis*, 428 F.3d 805 (9th Cir. 2005). The defendant would have known about the possible challenges but instead elected to enter into a beneficial plea agreement rather than a lengthy litigated battle where he would remain incarcerated. Therefore, no new information or intervening circumstances would justify the defendant's motion to withdraw his plea. If the defendant was properly advised, the Government will oppose the defendant's motions to withdraw his plea and to dismiss. If the Court denies the defense motions and accepts the guilty plea and requirements contained in the plea agreement, the plea defendant will have given up most appellate rights but he has reserved the right to collaterally challenge his conviction and sentence under 28 U.S.C. § 2255 for ineffective counsel. *See* Doc. 22. It is the very issue before this Court with his motion to withdraw his guilty plea.

6. Ineffectiveness claims require a defendant to establish both deficient performance by counsel as well as resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It would seem proper at this point to have the attorney-client privilege waived to allow Mr. Riddle to speak to the parties and the Court in an effort to make a record as to whether any deficient performance

occurred regarding his advice to his client.

**WHEREFORE**, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:11-cr-253-PMP-GWF be deemed waived as to all communication, information and work product relevant to the claims set forth in the defendant's Motion to Withdraw Guilty Plea Pursuant to Fed. R. Crim. P. 11(d)(2)(B) and Dismiss with respect to Mr. Riddle.

**DATED** this 26th day of April, 2012.

    DANIEL G. BOGDEN
    United States Attorney

    /s/ Brandon C. Jaroch
    BRANDON C. JAROCH
    Special Assistant United States Attorney

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                              ) | 2:11-cr-253-PMP-GWF |
|         Plaintiff,                         ) | |
|                                              ) | |
| vs.                                         ) | GOVERNMENT'S APPLICATION |
|                                              ) | FOR ORDER DEEMING ATTORNEY |
| DAVID PEREZ-ALVAREZ,       ) | CLIENT PRIVILEGE WAIVED |
|                                              ) | |
|         Defendant.                       ) | |

I, Brandon C. Jaroch, do hereby certify that on April 26, 2012, a copy of the attached Government's Application for Order Deeming Attorney-Client Privilege Waived was sent by electronic mail to the person hereinafter named, at the place and address stated below, which is the last known address:

                                 Addressee(s): Xavier Gonzales, Esq.
                                 Counsel for defendant DAVID PEREZ-ALVAREZ


                                 /s/ Brandon C. Jaroch
                                 BRANDON C. JAROCH

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:11-cr-253-PMP-GWF |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| DAVID PEREZ-ALVAREZ, ) | |
| ) | |
| Defendant. ) | |

Based upon the pending application of the Government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:11-cr-253-PMP-GWF between the defendant and Paul Riddle, AFPD, be deemed waived as to all communication, information and work product relevant to the claims set forth in the defendant's Motion to Withdraw Guilty Plea Pursuant to Fed. R. Crim. P. 11(d)(2)(B) and Dismiss.

.

DATED this  27th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE